FILED

1  **Daniel A. Bernath, Plaintiff**
2  1319 Kingswood Ct
3  Ft Myers Florida 33919
4  (239) 288 6034
5  ussyorktowncvs10@yahoo.com

2016 JAN 25 AM 9:41

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

7  Plaintiff *in pro per*

8  United States District Court
9  Middle District of Florida
10  Ft Myers Division

2:16-CV-40-FtM29CM

| | |
|---|---|
| 12 **Daniel A. Bernath,** | ) Case No. |
| 14 **plaintiff,** | ) Complaint |
| 16 vs. | ) Copyright violation |
| 18 **youtube llc, Don Shipley,** | ) Trade Disparagement |
| 19 **Carol Diane Blazer Shipley,** | ) Jury Trial Demanded, |
| 21 **defendants.** | ) Injunctive Relief Requested |

COMPLAINT
PURSUANT TO FedRCivP 15(a)(b) *et seq.*

24  Plaintiff, Daniel A. Bernath alleges:



### Nature of the Case

1. Plaintiff is a professional photographer, his art having been published in a book, newspapers and magazines around the world and on television networks and syndicated programs.

2. Plaintiff is also a lawyer, representing before the United States Department of Veterans Affairs and is a member of the US Supreme Court Bar. The Photograph is a valuable asset for Plaintiff Bernath to familiarize veteran claimants to lawyer Bernath and his legal services.

1. Plaintiff is a professional performer; Plaintiff Daniel A. Bernath is a Member of American Federation of Television and Radio Artists prior to its merger with the Screen Actors Guild. Actor on "Grimm" on NBC Television Network, Portlandia on Independent Film Network and character actor as a doctor, lawyer and college professor in television commercials for various production companies working for AT & T. Plaintiff Daniel A. Bernath was prime newscaster anchorman on various television and radio stations in New York City, Los Angeles, Detroit, Milwaukee, etc.

2. Plaintiff owns or has the exclusive right to Photograph, reproduced herein.

3. Plaintiff has registered said Photograph with the appropriate United States agency for copyright protection and Notice to defendants.

4. Furthermore, Defendants have been notified that said photograph is Plaintiff's property, is registered as aforesaid and that its use is prohibited.

5. Defendants and each of them, with full knowledge of the ownership of the photograph, did willfully and intentionally, as a business pursuit of defendants, repeatedly published said Photograph in his commercial publication on or or about November 9, 2015 when Don Shipley and Carol Diane Blazer Shipley was away from his home on 324 Gallbush Drive, Chesapeake Virginia and before and thereafter.

6. Defendants have taken the image of plaintiff and have broadcast said image and voice to approximately 200,000 persons. Defendants have taken the image of Plaintiff and made wearing apparel with his face and image on said apparel and sold

1. and generated revenue from such misappropriation. Defendants have generated a controversy between plaintiff and defendants to drive readership to their publications and thus cause a revenue misappropriation to defendants.

7. Don Shipley and Diane Shipley are associated with and publishers on a publication which hosts child pornography and advocates child pornography; torments veterans of United States military service to where three veterans have committed suicide because of defendants' publication's relentless taunting and urging to suicide. Don Shipley admits to his role in the suicide of veteran Ike Densmore and says that is "troubling" and "a set-back."

## Jurisdiction and Venue

8. This is a civil action seeking damages and injunctive relief for copyright Infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*,

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

10. This Court has personal jurisdiction over defendants and each of them have done and continues to do systematic and continuous business in Florida and in this judicial district having approximately 1,000 contacts with Ft Myers Florida, including barricading plaintiff in his Ft Myers home for "two days and six hours" as they admit as well as publishing Photograph in this District and Division and throughout Florida.

11. Pursuant to case law, said copyrighted, registered and infringed photograph has the situs of Ft Myers Florida.

12. Venue in this District is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. §

1400(a). A substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

## Plaintiff Further Alleges

13. Plaintiff is the owner of the trademark Extreme Seal Experience and Phony Seal of the Week. Defendants and each of them have used Plaintiffs trademarks and realized revenue from such use. Defendant's acts of copyright infringement and acts of affirmative and widespread self promotion of the copies directed to the public at large have caused Plaintiff to suffer, and to continue to suffer, substantial damage to his business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

14. Further, as a direct result of the acts, Defendant has obtained direct and indirect profits that would not otherwise been realized but for the infringement of Plaintiff's copyrighted Subject Image (Photograph), video image and audio reproduction and apparel reproduction. Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to said Defendants' infringement of the Photograph and other properties.

First Cause of Action

against all Defendants

Copyright and Trademark Infringement

Second Cause of Action

against all Defendants

Trade Disparagement

**Prayer for Relief**

**WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:**

a. For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled, including Defendant's incomes, profits and for damages in an amount as may be proven at

**Alternatively, at Plaintiff's election**, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c) *et seq.* of $150,000;

b. For a Temporary and Permanent injunction enjoining Defendant and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trademarks or other exclusive rights (whether

now in existence or hereafter created) and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights, trademarks or exclusive rights under copyright in the Photograph and the use of Plaintiff's trademarks and an order that defendants cease the use of the words **Extreme Seal Experience** and **Phony Seal of the Week**;

c. For prejudgment and post-judgment interest according to law;

d. For Plaintiff's attorneys' fees, and full costs and disbursements in this action; and

e. For such other and further relief as the Court may deem proper and just.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury of all issues triable by right of jury.

Respectfully submitted,

*[signature]*

Daniel A. Bernath
Plaintiff



1



2



1

2



1

2



1

2