UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                           Case No:   2:16-cv-40-FtM-29CM

DON SHIPLEY and CAROL
DIANE BLAZER SHIPLEY,

    Defendants.

## ORDER

This matter comes before the Court upon review of: (1) Plaintiff's Motion for Entry of Default Regarding Don Shipley, Carol Diane Blazer Shipley, filed on February 23, 2016 (Doc 11, "Motion for Entry of Clerk's Default"); (2) Plaintiff's Motion for Clerk's Default Against Don Shipley and Carol Blazer Shipley for Sum Certain Pursuant to FRCP 55(b) or Judgment by the Court, filed on March 22, 2016 (Doc. 16, "Motion for Default Judgment"); (3) Defendants Don Shipley and Carol Diane Blazer Shipley's Amended Motion for Extension of Time to Respond to Plaintiff's Complaint, filed on June 9, 2016 (Doc. 23, "Motion for Extension of Time"); (4) Plaintiff's Motion to Strike Purported Amended Motion for Extension of Time to Respond to Plaintiff's Complaint as Defendants are in Default or, Opposition Motion to Set Aside Default, filed on June 21, 2016 (Doc. 24, "Motion to Strike"); (5) Defendants' Second Amended Motion for Extension of Time to Respond to Plaintiff's Complaint, filed on July 12, 2016 (Doc. 27, "Second Amended Motion"); and (5) "Plaintiff's Request Magistrate Recuse Self Request Oral Argument with Art. III

Judge regarding Motion to Strike purported Amended Motion for Extension of Time to Respond to Plaintiff's Complaint as Defendants are in Default or, and all further motions or actions herein," filed on June 24, 2016 (Doc. 26, "Motion for Recusal").

*Pro se* Plaintiff filed this matter of copyright infringement on January 25, 2016. Doc. 1. Plaintiff served Defendants on January 30, 2016. Docs. 9-1; 10-1. After Defendants' failure to timely respond to the complaint, Plaintiff filed the Motion for Entry of Clerk's Default. Doc. 11. Defendants filed their Motion for Extension of Time on June 9, 2016, after Plaintiff's filing of the Motion for Entry of Clerk's Default but before the Court ruled on Plaintiff's motion. Regardless, "[a] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Wright & Miller, § 2692 at 85). Thus, even though Plaintiff's Motion for Entry of Clerk's Default (Doc. 11) was not yet granted at the time of Defendants' filing of their Motion for Extension of Time (Doc. 23), "a motion for relief under Rule 55(c) [setting aside clerk's default] is appropriate . . . even when there has not been a formal entry of default." *Id.* (citing 10A Wright & Miller, § 2692 at 85). Thus, the Court will construe Defendants' Motion for Extension of Time as a motion to set aside clerk's default.[1]

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Not susceptible to a precise definition

---

[1] Accordingly, Plaintiff's Motion to Strike (Doc. 24), which seeks to strike Defendants' Motion for Extension of Time because they "may make no other motion than a motion to set aside a default," is denied as moot.

or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez*, 774 F. 3d at 1337 n.7; *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance." *Perez*, 774 F. 3d at 1337 n.7. Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7. If circumstances warrant, courts also examine other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez,* 774 F. 3d at 1342; *see also Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran,* No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Here, as noted, Defendants were served on January 30, 2016.  Docs. 9-1, 10-1.  On June 3, 2016, Defendants initially filed a Motion for Extension of Time to Respond to Plaintiff's Complaint, which was denied without prejudice for failure to comply with the Local Rules of the Middle District of Florida.  Docs. 20, 22.  On June 9, 2016, Defendants filed their renewed Motion for Extension of Time.  Doc. 23.  The Motion for Extension of Time states that Defendants' current counsel was retained on June 4, 2016.  *Id.* at 1.  The motion states that prior to that, Defendants were "under the incorrect impression that service upon them by a private process server in Virginia was improper and illegal, and therefore, [they] did not believe they had been properly served and were subject to the jurisdiction of this Court."  *Id.*  Notwithstanding that impression, Defendants assert that they consulted with an attorney who is licensed in Florida but maintains a law practice in Colorado.  *Id.*  The motion further states that Defendants were under the mistaken belief that their prior attorney was going to enter an appearance in this case and defend the action on their behalf, neither of which he did.  *Id.*

Based on the foregoing, the Court is not able to conclude that Defendants' actions demonstrate an intentional or willful disregard of the judicial proceedings.  *See e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.,* LLC, 779 F.3d 182, 186 (2d Cir. 2015) ("We have previously interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained.") (citations omitted); *see also Perez,* 774 F. 3d 1329 (finding

counter-defendant's conduct "did not appear to be 'willful or contumacious'" when the record lacked evidence suggesting a pattern of delay or willful conduct.").

Defendants also claim meritorious defenses. Defendants state that Plaintiff has sued them in the United States District Court for the District of Maryland, in the United States District Court for the Eastern District of Virginia, and in the Circuit Court in and for the Twentieth Judicial Circuit in Lee County, Florida, alleging similar causes of action. *Id.* at 3. Defendants state that these cases, in which Plaintiff is seeking similar relief, are being defended on their merits, and Defendants have meritorious defenses to the instant case as well. Specifically, Defendants state that they have a good faith basis to defend against Plaintiff's claims insofar as Plaintiff does not own any of the trademarks referenced in his complaint, and the complaint otherwise fails to state a cause of action. Doc. 27 at 2 n. 2. Due to the relatively early stages of this proceeding and the parties' involvement in multijurisdictional disputes involving similar claims, the Court does not find that Plaintiff would be prejudiced should Defendants proceed to present their defenses. On the other hand, this circuit's "strong policy of determining cases on their merits" warrants that this case proceed on the merits. *Florida Physician's Ins. Co.,* 8 F.3d at 783.

Plaintiff asserts that Defendants knew they were in default since February, but as a "tactic," chose not to file a response. Doc. 24 at 4. Plaintiff cites *United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 947 (7th Cir. 1978), for the proposition "that courts are not

favorably disposed to grant a motion to set aside a default judgment that the movant allowed to be entered in a deliberate though misguided tactical move." *Id.* at 5. In *An Undetermined Quantity*, however, there was "a substantial basis in the record" to conclude that the defendant made such a deliberate decision. *An Undetermined Quantity,* 583 F.2d at 947. In this case, no such "substantial record," or any record, exists to allow the Court conclude that Defendants' failure to timely respond was a deliberate decision. Plaintiff also cites *In Vega Matta v. Alvarez de Choudens,* 440 F. Supp. 246, 249 (D.P.R. 1977), aff'd, 577 F.2d 722 (1st Cir. 1978), in which the court noted that "defendants' attorneys admitted that they had been notified with sufficient time and that it may have been a 'tactical mistake' to wait until after default had been entered by the Clerk to appear for the purpose of moving this Court to quash summons." *In Vega Matta* also is inapposite here for there is no such admission by Defendants or their counsel.

Next, Plaintiff's Motion for Recusal requests that the undersigned recuse herself from this case, asserting that the undersigned's rulings in another matter involving Plaintiff is "disappoint[ing]" and that the undersigned has a bias against Plaintiff as a *pro se* party.

If a judge is personally biased or prejudiced against a party or in favor of an adverse party, then he shall recuse himself when his "'impartiality might reasonably be questioned.'" *In re Walker,* 532 F.3d 1304, 1310 (11th Cir. 2008) (quoting 28 U.S.C. §§ 144, 455(a)). "The standard is 'whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.'" *Id.*

(quoting *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000)).  "'The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.'" *Id.* (quoting *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1329 (11th Cir. 2002)).  One exception to this rule is when the judge's remarks in a judicial context demonstrate bias or prejudice.  *Id.*  A friction between the court and a party is not sufficient to demonstrate bias.  *Id.* (citations omitted).  "Adverse rulings are grounds for appeal but rarely are grounds for recusal . . . ."  *Id.* at 1311 (citing *Liteky v. United States,* 510 U.S. 540, 554 (1994)).

Plaintiff's motion contains allegations regarding a decision made by this Court that was unfavorable to him in another matter pending before the undersigned.  Yet this does not demonstrate any personal bias by this Court, or show that the undersigned's impartiality might reasonably be questioned.  Therefore, the Motion for Recusal is due to be denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Regarding Don Shipley, Carol Diane Blazer Shipley is **DENIED**.

2. Plaintiff's Motion for Clerk's Default Against Don Shipley and Carol Blazer Shipley for Sum Certain Pursuant to FRCP 55(b) or Judgment by the Court (Doc. 16) is **DENIED as moot**.

3. Defendants Don Shipley and Carol Diane Blazer Shipley's Amended Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 23) is

**GRANTED**. Defendants shall have **up to and including July 25, 2016** to respond to Plaintiff's complaint.

4. Plaintiff's Motion to Strike Purported Amended Motion for Extension of Time to Respond to Plaintiff's Complaint as Defendants are in Default or, Opposition Motion to Set Aside Default (Doc. 24) is **DENIED as moot**.

5. Defendants' Second Amended Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 27) is **DENIED as moot**.

6. Plaintiff's Request Magistrate Recuse Self Request Oral Argument with Art. III Judge regarding Motion to Strike purported Amended Motion for Extension of Time to Respond to Plaintiff's Complaint as Defendants are in Default or, and all further motions or actions herein (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of July, 2016.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record