UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

      Plaintiff,

v.                                        Case No: 2:16-cv-40-FtM-29CM

DON SHIPLEY and CAROL DIANE
BLAZER SHIPLEY,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss Complaint for Failure to State a Cause of Action and Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue (Doc. #33) filed on July 25, 2016. Plaintiff filed an Opposition to Motion to Dismiss, Motion to Conduct Discovery Re Jurisdiction of Defendants, Motion to continue hearing/decision until after Discovery on Jurisdiction (Doc. #39), and defendants filed a Response in Opposition to Plaintiff's Motion to Conduct Jurisdictional Discovery (Doc. #42).

The Court concludes that the Complaint is insufficiently pled, and must be dismissed without prejudice and with leave to file an amended complaint. In the amended complaint, plaintiff may make additional allegations regarding personal jurisdiction.

Defendants may thereafter respond to the amended complaint by motion or answer.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."
Iqbal, 556 U.S. at 678.  "Factual allegations that are merely
consistent with a defendant's liability fall short of being
facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333,
1337 (11th Cir. 2012) (citations omitted).  Thus, the Court
engages in a two-step approach: "When there are well-pleaded
factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief."  Iqbal, 556 U.S. at 679.

## II.

The Complaint (Doc. #1) alleges federal question jurisdiction
based on copyright infringement "under the copyright laws of the
United States, 17 U.S.C. § 101 *et seq*"[1], and asserts personal
jurisdiction over defendants based on their "systematic and
continuous business in Florida", because they have 1,000 contacts
in Fort Myers, Florida, because defendants barricaded plaintiff in
his local home, and because defendants admit to publishing a
copyright-protected photograph of plaintiff in the State of

---

[1] "The district courts shall have original jurisdiction of
all civil actions arising under the Constitution, laws, or treaties
of the United States."  28 U.S.C. § 1331.  Also, "district courts
shall have original jurisdiction of any civil action arising under
any Act of Congress relating to patents, plant variety protection,
copyrights and trademarks."  28 U.S.C. § 1338(a).

Florida.  (Doc. #1, ¶ 10.)  Plaintiff alleges that a substantial part of the acts of infringement complained of occurred in this District.   Plaintiff asserts that he has registered and copyrighted a photograph of himself[2], and that defendants infringed his work by publishing the photograph.  Plaintiff further alleges that he is the owner of the trademarks Extreme Seal Experience and Phony Seal of the Week (the marks), and that defendants have used these marks to realize revenue causing plaintiff damages. Plaintiff seeks to disgorge these profits.  Plaintiff identifies a "First Cause of Action" as copyright and trademark infringement, and a "Second Cause of Action" as trade disparagement without providing any supporting facts or allegations in support of the claims.[3]  Plaintiff goes on to state the relief sought, including injunctive relief, and cites to the Federal Copyright Act, but does not cite to the Federal Trademark Act or the Lanham Act.

## III.

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the work and (2) defendants copied protected elements from the work."

---

[2] The Court notes that there are several pictures attached to the Complaint, and it is unclear which picture is registered, and which ones were created or published by defendants.

[3] In fact, the Complaint only alleges the titles of the causes of action.

Smith v. Casey, 741 F.3d 1236, 1241 (11th Cir. 2014).  See 17 U.S.C. § 504 (remedies).  A prerequisite to a claim of infringement requires that the work be preregistered or registered.  17 U.S.C. § 411(a).  Plaintiff asserts that he has registered and owns the photograph at issue, and that defendants published it without permission.

To present a claim for trademark infringement, plaintiff must show "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two."  Suntree Techs., Inc. v. Ecosense Int'l, Inc., 693 F.3d 1338, 1346 (11th Cir. 2012).  See 15 U.S.C. §§ 1114, 1117.  Much like with the copyright claim, there must be a registered mark.  15 U.S.C. § 1115.  Plaintiff has made no allegations of a similar or confusingly similar mark, rather the allegation is that defendants used or misappropriated plaintiff's marks for their own use and profit.

To assert a claim of false designation under the Lanham Act[4], plaintiff must show: "(1) that the plaintiff had enforceable

---

[4] It remains unclear whether "trade disparagement" is actually a false designation claim.  Under the Anticybersquatting Consumer Protection Act, disparaging a mark is simply a factor used to determine bad faith intent to profit from use of a confusingly similar domain name.  15 U.S.C. § 1125(d).  See also Bavaro Palace, S.A. v. Vacation Tours, Inc., 203 F. App'x 252, 256 (11th

trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it "such that consumers were likely to confuse the two." Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007). See 15 U.S.C. § 1125(a). As part of the elements, plaintiff must show "economic or reputational injury flowing directly from the deception. . . ." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1391 (2014).

Although plaintiff has alluded to certain federal statutes, plaintiff has not clearly stated a plausible claim under either of the Causes of Action in compliance with Federal Rules of Civil Procedure 8 and 10. The Complaint will be dismissed without prejudice to amending the pleading. As a result, the Court will defer the issues of personal jurisdiction and venue.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss Complaint for Failure to State a Cause of Action and Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue (Doc. #33) is **GRANTED IN PART AND DENIED AS MOOT IN PART.** The motion to

---

Cir. 2006). There are no allegations of a registered domain name in this case.

dismiss is granted and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.  The motion is otherwise denied as premature with regard to the issue of personal jurisdiction or to transfer venue[5] pending the filing of an Amended Complaint.

2. Plaintiff's Motion to Conduct Discovery Re Jurisdiction of Defendants, Motion to continue hearing/decision until after Discovery on Jurisdiction (Doc. #39) is **DENIED** as moot and without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

---

    [5] The Court notes that the Complaint in this case is strikingly similar to the First Amended Complaint filed by plaintiff against these same defendants, and Extreme Seal Experience LLC, in the Eastern District of Virginia, Norfolk Division.  See Bernath v. Extreme Seal Experience LLC, 2:16-cv-00185-RGD-RJK (E.D. Va. July 25, 2016).  Defendants have also argued that the same litigation is pending in Maryland.  (Doc. #33, p. 2.)