UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**DANIEL A. BERNATH,**

    **Plaintiff**

vs.                                                Case No.  2:16-cv-40-FtM-29CM

**DON SHIPLEY and CAROL DIANE**
**BLAZER SHIPLEY,**

    **Defendants.**

_____/

### DEFENDANTS' MOTION TO TRANSFER

Defendants Don and Carol Shipley specially appear by and through undersigned counsel without consenting to the jurisdiction of this Court and move to transfer Plaintiff's First Amended Complaint pursuant to Local Rule 1.04(b). This case is substantially similar to another case pending in the Middle District, Fort Myers Division, before Judge Chappell. This case should be transferred to preserve judicial economy and to relieve Defendants of the financial burden of defending two substantially similar cases simultaneously. In support, Defendants state as follows:

### MEMORANDUM OF LAW

**I.     FACTS**

    **A.     The Case Before this Court**

On January 25, 2016, Plaintiff filed his Complaint pro se. (Doc. 1). Plaintiff intends to use legal proceedings as a way to harass and impose financial strain upon Defendants and others. *See*, *e.g.*, Doc. 35 Ex. 3. On July 25, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a cause of action and lack of personal jurisdiction over Defendants,

or alternatively, to transfer venue of this action to the United States District Court for the Eastern District of Virginia (Norfolk Division), where a related action between the parties is pending. (Doc. 33). This Court then dismissed Plaintiff's first Complaint without prejudice, finding that "[P]laintiff has not clearly stated a plausible claim under either of the Causes of Action in compliance with Federal Rules of Civil Procedure 8 and 10." (Doc. 52).

Plaintiff then submitted his First Amended Complaint. (Doc. 53). The First Amended Complaint contains seven Counts:

> Count I – Copyright and Infringement
>
> Count II – Violation of 18 U.S.C. § 2333, Damaging Aircraft at Public Transportation Facility
>
> Count III – Violation of 18 U.S.C. § 1962(a) RICO
>
> Count IV – Negligence per se
>
> Count V – Intentional infliction of emotional distress
>
> Count VI – Assault
>
> Count VII – Battery

Plaintiff's First Amended Complaint is almost identical to another of Plaintiff's lawsuits— *Daniel A. Bernath v. The American Legion, et al*. case no. 2:16-cv-596-FtM-99MRM, which is pending before Judge Chappell.

### B. The Pending Case Before Judge Chappell

Plaintiff's amended complaint in the case before Judge Chappell contains all of the same causes of action except the claim for "copyright and infringement." Additionally, the First Amended Complaint here and Plaintiff's amended complaint before Judge Chappell both name Don and Carol Shipley as defendants.

Judge Chappell dismissed that amended complaint, allowing Plaintiff leave to amend. Instead of amending, Plaintiff appealed the order of dismissal to the 11th Circuit Court of Appeals. Regardless of Plaintiff's success with the appeal of Judge Chappell's Order dismissing his amended complaint, it will be back before Judge Chappell because the Order was without prejudice.

## II.   ARGUMENT

This requested relief falls squarely within the language of Rule 1.04(b) because both cases are assigned to different judges within the same district and are related by common questions of fact and law. In essence, the cases are duplicative.

A transfer would preserve resources. Judicial economy would be saved because the two cases are almost identical—they include the same defendants, same operative facts, and almost all of the same causes of action. Likewise, Defendants would be relieved of the financial burden associated with needlessly defending similar, multiple lawsuits before different judges in the same district.

Plaintiff will not be prejudiced by a transfer. Regardless of whether Plaintiff succeeds on his appeal challenging Judge Chappell's order of dismissal, Plaintiff will be able to amend his complaint in that case because Judge Chappell's dismissal was without prejudice. Accordingly, even though Plaintiff's First Amended Complaint here and his amended complaint before Judge Chappell differ by one count, Plaintiff will have the opportunity to include that count in his amended complaint before judge Chappell, if he so wishes. Furthermore, a transfer would be within this district, which means the transfer would not frustrate Plaintiff's ability to select his desired venue. Therefore, Plaintiff will not be prejudiced if this Court exercises its discretion to

3

transfer this matter to Judge Chappell so that it may be combined with *Daniel A. Bernath v. The American Legion, et al.*, case no. 2:16-cv-596-FtM-99MRM.

Finally, Plaintiff has admitted that one of his desired goals is to financially drain Defendants, regardless of his success in this litigation. Plaintiff will continue to succeed in achieving this goal so long as duplicative lawsuits remain pending against Defendants.

## CONCLUSION

Per Local Rule 1.04(b), Defendants have simultaneously filed this Motion with this Court as well as in the case, *Daniel A. Bernath v. The American Legion, et al.*, case no. 2:16-cv-596-FtM-99MRM. Defendants respectfully request that this Court and Judge Chappell confer and mutually approve a transfer of this action to Judge Chappell's *Daniel A. Bernath v. The American Legion, et al.*

/s/ Paul A. Giordano
Paul A. Giordano, Esquire (**Trial Counsel**)
Florida Bar No. 194190
**ROETZEL & ANDRESS, LPA**
2320 First Street, Suite 1000
Fort Myers, Florida 33901
Tel.: (239) 337-3850
Fax: (239) 337-0970
E-mail: pgiordano@ralaw.com
    serve.pgiordano@ralaw.com

Richard Ottinger (Va. Bar # 38842)
*Of Counsel, admitted pro hac vice*
Vandeventer Black LLP
101 West Main Street
500 World Trade Center
Norfolk, VA 23510
Phone: (757) 446-8673
Fax: (757) 446-8670
E-Mail: ROttinger@vanblacklaw.com

**Attorneys for Defendants Don Shipley and Carol Diane Blazer Shipley**

4

11144932 _1

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Daniel A. Bernath, *Plaintiff pro se*
1319 Kingswood Court
Fort Myers, Florida 33919
ussyorktowncvs10@yahoo.com

via U.S. Mail

              */s/ Paul A. Giordano*
              Paul A. Giordano, Esquire
              Florida Bar No. 194190