UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                              Case No: 2:16-cv-40-FtM-29CM

YOUTUBE LLC, DON SHIPLEY, and CAROL DIANE BLAZER SHIPLEY,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #54) filed on December 29, 2016. Plaintiff filed an Opposition (Doc. #56) on January 4, 2017.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348 (11th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## II.

As a preliminary matter, plaintiff asserts subject-matter jurisdiction based on the presence of complete diversity among the parties, as well as based on the presence of claims asserted pursuant to federal statutes.  (Doc. #53, ¶ 40.)  Before considering whether plaintiff has sufficiently stated his claims, the Court must consider whether it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Defendants also raised the issue of this Court's subject-matter jurisdiction, but argue that the undersigned should follow the "first-filed rule" and dismiss this case based on the decision by the Honorable Sheri Polster Chappell dismissing a related case without prejudice on November 18, 2016.[1]  (Doc. #54, pp. 7-10.)

---

[1] See Bernath v. The American Legion, 2:16-cv-596-FTM-38MRM, Doc. #86, wherein the case was dismissed without prejudice for lack of subject-matter jurisdiction.

2

**A. Diversity of the Parties**

Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff is alleged to be domiciled in the State of Florida. (Doc. #53, ¶ 42.) Extreme Seal Experience LLC is not a named party in the caption but is listed as a defendant and is purported to be a limited liability company registered in the State of Virginia with a principal place of business listed in Maryland with the only "owner" being Don Shipley.[2] (Id. ¶¶ 81-82.) YouTube, LLC was dropped as a party although still listed as a named defendant, and therefore will be ignored for review purposes. (Id. ¶ 5.) Defendants Don Shipley and Diane Shipley are both listed as domiciled in Maryland. (Id. ¶¶ 42-43.) The amount in controversy could be met based on the alleged profits gained by defendants, and the threefold damages recoverable under RICO. If the Shipleys are the only intended defendants, plaintiff will be able to allege

---

[2] Plaintiff does not clearly allege whether Don Shipley is the only member of the limited liability company, and it is the citizenship of the members that determine the citizenship of Extreme Seal Experience LLC. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004).

3

diversity jurisdiction under Section 1332(a). Otherwise, the allegations as to Extreme Seal Experience LLC are inadequate and the Court cannot determine if a diversity of citizenship exists.

**B. Federal Question**

The First Cause of Action alleges a violation of plaintiff's copyright ownership in a registered photograph by defendants who published copies of the registered photograph, and profited from the infringement. Plaintiff alleges that he owns or has the exclusive right to the photograph identified as 2A, which is registered with the United States Copyright Office. (Doc. #53, ¶¶ 4, 6, 69.) Plaintiff alleges that his intellectual property was stolen and published on YouTube, LLC to garner viewers and pay per view monthly subscriptions. Plaintiff seeks to disgorge the profits from the use of his photograph. (Id. ¶¶ 69, 109-111.)

District Courts have original jurisdiction over civil actions arising under federal statutes regulating copyrights and trademarks. 28 U.S.C. § 1338(a). As previously stated, plaintiff must show that he owns a copyrighted work, and that defendants copied protected elements of the copyrighted work. See Doc. #52, pp. 4-5.) Plaintiff has adequately pled a claim for copyright

4

infringement[3], although he has done so in a shotgun manner by incorporating superfluous allegations irrelevant to the claim as further discussed below. (See, e.g., Doc. #53, ¶¶ 11, 12, 19, 20, 22, 23-37.) The Court finds that plaintiff has alleged a federal question establishing this Court's subject-matter jurisdiction.

### III.

Defendants argue that the First Amended Complaint fails to comport with Federal Rules of Civil Procedure 8 and 10, but defendants decline to present arguments as to Counts II through VII arguing that Judge Chappell has already determined that these counts fail to state a claim.[4] Although many of the factual allegations are identical, this case does not name the additional defendants named in that case, and the dismissal based on jurisdiction is not binding on this case. The Court will consider defendants' argument as a general averment that plaintiff has failed to state a claim on those counts as well. The remaining

---

[3] To the extent plaintiff is attempting to also incorporate a trademark claim within the same count, such claim is unsupported and dismissed.

[4] Judge Chappell did not address the state claims because she found no subject-matter jurisdiction existed over the federal claims, and because no diversity of citizenship had been alleged.

arguments for transfer and to defer ruling pending a final decision are otherwise moot, and were denied by separate Order (Doc. #57).

**A. Shotgun Pleading**

The Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). Plaintiff's First Amended Complaint is "a paradigmatic shotgun pleading" with "claims interwoven in a haphazard fashion." T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). The Eleventh Circuit has identified several types of shotgun pleadings, and plaintiff has filed a pleading with "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiff also refers to defendants collectively, as responsible for each factual allegation, without a clear demarcation of each party's role. Id. at 1323.

The Second Cause of Action alleges a violation of 18 U.S.C. § 2333; the Third Cause of Action alleges a civil RICO violation;

6

the Fourth Cause of Action alleges negligence *per se*; the Fifth Cause of Action alleges intentional infliction of emotional distress; and the Sixth and Seventh Causes of Action allege assault and battery, respectively.  Each of these counts incorporates paragraphs 1 through 107 in their entirety rendering the factual basis meaningless, and failing to give defendants adequate notice of the claims against them.  (Doc. #53, ¶¶ 113, 150, 167, 173. 208, 213.)  Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in the numbered paragraphs pursuant to Fed. R. Civ. P. 10(b).  Therefore, the First Amended Complaint is due to be dismissed without prejudice as a shotgun pleading.

**B. Count Two**

The Second Cause of Action generally alleges that defendants have funded, planned, and carried out terrorist attacks against military civilians by driving them to suicide or actually harming them because of an opposition to United States v. Alvarez, 567 U.S. 709 (2012), and with the specific intent of committing acts of international terrorism.  As to plaintiff specifically, plaintiff alleges that defendants terrorized him at his home, and both individual defendants left numerous messages for plaintiff inside of Florida.  (Doc. #53, ¶¶ 47-49.) Plaintiff alleges that Don Shipley attacked foreign nationals in their foreign country.

7

(Id. at ¶¶ 53, 97.) Plaintiff alleges that defendants and another individual contacted his children and ex-wife, and Scotland Yard, in the United Kingdom, for the purpose of causing an investigation to defame and cause stress to plaintiff as part of some elaborate political agenda. (Id., ¶¶ 99, 100-101.) Defendants delivered explosive or lethal devices to places of public access with the intent to cause death or serious bodily injury, or to cause destruction of property. (Id. at ¶¶ 114-118.) Plaintiff also alleges investigations and torment of others who are not parties to this case. (Id. at ¶¶ 56-57.)

It is alleged that defendants targeted an aircraft owned by plaintiff and others through a trust located at Page Field airport. It is further alleged that defendants trespassed gates, locks, and surveillance cameras to introduce a liquid into the fuel system and interior of the aircraft to cause it to crash, and/or by cutting the fuel line. (Id. at ¶¶ 119, 121-123, 134.) Plaintiff alleges incidents of sabotage dating back to 2014, and through 2016. (Id. at ¶¶ 124-131.) Unrelated to the incidents at the airport, plaintiff also alleges that defendants admit to assaulting him at his home on October 31, 2015. (Id. at ¶ 142.)

Plaintiff alleges that defendants have a policy of using terror attacks to intimidate civilian populations, and to change the laws of the United States, United Kingdom, Canada and France,

but plaintiff's damages stem from the sabotaging of his aircraft. (Id. at ¶¶ 144, 148.)  Plaintiff alleges that defendants aided and abetted acts of terrorism and conspired to commit acts of terrorism.  Plaintiff alleges, in a conclusory fashion, that these acts are acts of international terrorism under 18 U.S.C. § 2331. (Id. at ¶ 147.)

Under Title 18, United States Code, Section 2333(a), known as the Anti-Terrorism Act (ATA),

> [a]ny national of the United States injured in his or her person, property, or business by reason of an act of **international terrorism**, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333(a) (emphasis added).[5]  The term "international terrorism" is defined as:

> **(1)**. . . activities that -
>
> **(A)** involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
>
> **(B)** appear to be intended--

---

[5] The term "domestic terrorism" is also defined in the ATA, 18 U.S.C. § 2331(5), but is not referenced in Section 2333 governing civil remedies.

> **(i)** to intimidate or coerce a civilian population;
>
> **(ii)** to influence the policy of a government by intimidation or coercion; or
>
> **(iii)** to affect the conduct of a government by mass destruction, assassination, or kidnapping; **and**
>
> **(C)** occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18 U.S.C. § 2331(1). None of the alleged acts against *plaintiff* or his aircraft transcended national boundaries, and are not international acts of terrorism as defined by the ATA. The actions pertaining to plaintiff's family and the Scotland Yard investigations do not amount to coercion of a civilian population, nor did they serve to influence the policy of a government. Having been previously dismissed without prejudice for failure to state a claim, see 2:16-cv-596-FTM-38MRM, Doc. #86, this cause of action will be dismissed with prejudice.

**C. Count Three**

The Third Cause of Action alleges a violation of 18 U.S.C. § 1962(a), otherwise known as the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiff alleges that defendants acting as an enterprise committed two or more predicate acts, as

listed in 18 U.S.C. § 1961(1), that make up a pattern of racketeering effecting interstate commerce. Plaintiff includes a myriad of racketeering activity including threats of murder and arson, extortion, identification, mail, wire, and financial institution fraud, obstruction of justice, criminal infringement of copyrighted material, and even the use of chemical weapons. (Doc. #53, ¶¶ 152-153.) Plaintiff alleges that defendants profited from the enterprise by gaining membership, and that his injuries flow from the use or investment of that income.[6] (Id. at ¶¶ 159, 162.) However, plaintiff does not allege a factual basis to support how the alleged crimes by defendants were the proximate cause of plaintiff's *economic* injuries.

Under RICO, it is unlawful for a person "who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt" to use or invest any part of the income acquired to establish or operate an enterprise engaged in activities affecting interstate or foreign commerce. 18 U.S.C. § 1962(a). A person may institute a civil action if "injured in his business or property" to recover threefold damages, costs, and reasonable attorney's fees. 18

---

[6] Plaintiff also alleges a "property right" in his First Amendment rights to display or wear what he wishes. (Doc. #53, ¶ 157.)

U.S.C. § 1964(c). Injuries must be for economic losses that flow from the commission of the predicate acts, Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985), and plaintiff cannot recover "for those pecuniary losses that are most properly understood as part of a personal injury claim," Grogan v. Platt, 835 F.2d 844, 848 (11th Cir. 1988). "Civil RICO plaintiffs must sufficiently plead both racketeering activity and that the activity caused them some injury." Ray v. Spirit Airlines, Inc., 836 F.3d at 1351.

Although defendants are alleged to have profited greatly from their enterprise, plaintiff has not alleged that the realized profits caused an economic injury to him flowing from the specified predicate acts. Plaintiff pled a non-pecuniary reputational injury and a dilution of the value of his copyright, Doc. #53, ¶ 13, but did not allege that they were the direct result of defendants' racketeering activities. The only viable economic loss pled is as a result of sabotaging of the aircraft, Doc. #53, ¶ 148, but the aircraft is not owned by plaintiff and the predicate act that led to the sabotage is unclear. The Court finds that plaintiff has failed to state a claim under RICO.

Having been previously dismissed without prejudice for failure to state a claim, see 2:16-cv-596-FTM-38MRM, Doc. #86, and finding an amendment would be futile, this cause of action will also be dismissed with prejudice.

12

**D. Count Four**

In the Fourth Cause of Action, plaintiff alleges negligence *per se* under Florida state law for engaging in private investigations without a license. (Doc. #53, ¶¶ 162-171.) The failure to obtain a license pursuant to Fla. Stat. § 493.6201 to operate a private investigation agency is not a violation of a strict liability statute or a violation of a statute that establishes a duty to take precautions to protect a particular class of persons or type of injury. deJesus v. Seaboard C.L.R. Co., 281 So. 2d 198, 201 (Fla. 1973). The Court finds that plaintiff cannot state a claim for negligence *per se*, and that any amendment would be futile. The claim will be dismissed with prejudice.[7]

**E. Count Five**

In the Fifth Cause of Action, plaintiff alleges intentional infliction of emotional distress. In support, plaintiff alleges emotional distress based the property damage done to the aircraft that could have resulted in his death, defamation, an accusation by defendants of him of being a stalker causing his arrest and incarceration, identity theft, surveillance of his home, invasion

---

[7] The Court takes no position on whether plaintiff could state a claim for mere negligence, which is not asserted.

of privacy and invasion of his trash, threatening to kill and tormenting plaintiff to commit suicide, harassing plaintiff with calls at all hours, and publication of his medical records. Plaintiff alleges that he has and continues to undergo treatment for his emotional distress and the physical symptoms, he was on suicide watch because defendants broadcast that plaintiff beat his wife, molested children, and stole from the government, and that the average member of the community would find the behavior outrageous. (Doc. #53, ¶¶ 178-181, 183-185, 187, 189, 193, 196-200, 203, 207.)

To state a claim for intentional infliction of emotional distress, plaintiff must show: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). The claim requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985); Patterson v. Downtown Med. & Diagnostic Ctr., Inc., 866 F. Supp. 1379, 1383 (M.D. Fla. 1994). The subjective response to the conduct does not control, and the conduct must be evaluated on an

objective basis. McCarson, 467 So. 2d at 278-79. The level of required behavior is a question of law. Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d at 595.

Generally, threats, insults, or indignities are insufficient to state a claim, unless *for example* plaintiff is threatened with murder and rape of his family. Saadi v. Maroun, No. 8:07-CV-1976-T-24MAP, 2008 WL 4194824, at *4 (M.D. Fla. Sept. 9, 2008) (collecting cases). Even if defendants knew that plaintiff was particularly susceptible to emotional distress, see doc. #53, ¶ 176, this may only amount to heartless and flagrant behavior unless the facts support "major outrage". Steadman, 968 So. 2d at 595 (quoting Restatement (Second) of Torts § 46 cmt. f (1965)). Construed liberally, the Court finds that plaintiff may be able to state a claim if provided an opportunity to amend and eliminate the many irrelevant allegations. The allegations of sabotage to cause injury to plaintiff, threats intended to incite murder by others of plaintiff, and taunting plaintiff to cause him to kill himself would cause a member of a civilized community to exclaim 'Outrageous!' This claim will be dismissed without prejudice.

**F. Counts Six and Seven**

In the last two Causes of Action, plaintiff claims assault and battery by defendants without indicating which defendant acted, or how each committed an assault and/or battery. Setting

aside this problem, plaintiff alleges as to the Sixth Cause of Action (assault) that defendants ambushed and barricaded plaintiff inside his home and assaulted him "by placing him in fear of battery." Plaintiff alleges that he was in fear that violence was imminent, and defendants had the apparent ability to carry out the threat. (Doc. #53, ¶¶ 209-210, 212.) As to the Seventh Cause of Action (battery), plaintiff alleges that he was piloting an aircraft and was about to take off but defendants had introduced clogging materials into the fuel system and severed a control cable causing him to decelerate and use emergency maneuvers. Plaintiff alleges that defendants created the dangerous conditions causing injury to his wrist. (Id., ¶¶ 214-219.)

An assault is an intentional and affirmative act to threaten use of force, or to exert actual force, toward another "to create a reasonable fear of imminent peril." Sullivan v. Atl. Fed. Sav. & Loan Ass'n., 454 So. 2d 52, 54 (Fla. 4th DCA 1984) (citation omitted). A battery is the "intentional infliction of a harmful or offensive contact upon the person of another." Id. (citation omitted). The victim's state of mind is irrelevant. Geovera Specialty Ins. Co. v. Hutchins, 831 F. Supp. 2d 1306, 1313 (M.D. Fla. 2011), aff'd, 504 F. App'x 851 (11th Cir. 2013). Proof of intent to commit a battery may be established by the "surrounding

16

circumstances." Paul v. Holbrook, 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997).

At this stage of the proceedings, the Court cannot find that plaintiff could not state a claim based on the relevant factual allegations peppered throughout the First Amended Complaint. As a result, the Court will dismiss these claims without prejudice to allow plaintiff to amend. In doing so, plaintiff must specify the defendant that committed the acts, and incorporate only the relevant facts to the claim.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #54) is **GRANTED** and the First Amended Complaint is **dismissed without prejudice** as to the First, Fifth, Sixth, and Seventh Causes of Action, and otherwise with prejudice. Plaintiff may file a Third and last Amended Complaint as to those viable claims dismissed without prejudice within **FOURTEEN (14) DAYS** of this Opinion and Order[8]. No further amendments will be permitted.

---

[8] The factual allegations should be tailored and streamlined to avoid filing another shotgun pleading.

17

    2. The Clerk shall terminate YouTube, LLC as a named defendant in this case based on plaintiff's statement that it is not an intended defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2017.

                                                          _/s/ John E. Steele_
                                                          JOHN E. STEELE
                                                          SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record