UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                    Case No: 2:16-cv-40-FtM-29CM

DON SHIPLEY, CAROL DIANE
BLAZER SHIPLEY, and EXTREME
SEAL EXPERIENCE, LLC,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss the Second Amended Complaint (Doc. #66) filed on July 10, 2017. No timely response was filed, and the Court entered an Order providing plaintiff an opportunity to respond. (Doc. #70.) On August 25, 2017, plaintiff filed an "Opposition to _unserved_ Motion to Dismiss" (Doc. #73) (emphasis in original) asserting that he had been unaware of the motion, and that defendants were avoiding service of process for a state case. Although entirely unresponsive to the motion to dismiss, the Court will accept the opposition as plaintiff's response.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On March 20, 2017, the Court issued an Opinion and Order (Doc. #59) granting defendant's Motion to Dismiss and dismissing the First Amended Complaint without prejudice as to the First, Fifth, Sixth, and Seventh Causes of Action, and with prejudice as to the Second, Third, and Fourth Causes of Action.

The Court specifically found that the First Amended Complaint was a shotgun pleading as each of the counts was incorporated into the first count. The Court found that plaintiff could allege a claim for copyright infringement and intentional infliction of emotional distress, however both were peppered with irrelevant allegations that should be eliminated. Plaintiff was granted leave to file a second amended complaint, but the Court indicated that no further amendments thereafter would be permitted.

Initially, finding no amended pleading, the Court directed the entry of judgment in favor of defendants and the closure of the case. (Doc. #60.) On June 15, 2017, the Court reopened the case on plaintiff's motion to set aside the judgment, vacated the judgment, and allowed the case to proceed if plaintiff filed a timely Second Amended Complaint. (Doc. #64.) On June 28, 2017, plaintiff filed his Second Amended Complaint (Doc. #65).

**III.**

Although many of the allegations are convoluted, fanciful, and may be exaggerated or untrue, when presented by a motion under Rule 12(b), the Court takes the factual allegations as true to examine whether a plausible claim for relief is stated. Additionally, said allegations are construed liberally in light of plaintiff's *pro se* status.[1] Plaintiff alleges a theft for profit by defendants of a copyrighted image that is registered with the United States Copyright Office, and intentional infliction of emotional distress though defendants' terrorizing of him, and his property.

Plaintiff also refers to the tortious acts of Extreme Seal Experience LLC, however the entity is not named as a defendant in this case, and those allegations will not be considered.[2] Plaintiff generally accuses defendants of committing journalism and "illegal private investigation" within the State of Florida seemingly unrelated to either claim in the Second Amended Complaint.

---

[1] The Court recognizes that plaintiff was a practicing attorney at one time, but is not currently admitted to practice in any State in the United States of America.

[2] Defendants' argument that Extreme Seal Experience, LLC is an indispensable party is discussed below.

4

Plaintiff also generally alleges that defendants each published to their 104,284 followers that they had murdered plaintiff, and had tied him up as bait to lure and kill his friend, a wounded and disabled Florida veteran so they could kill him too. Defendants further published to over 200,000 followers the address and telephone number of plaintiff causing hundreds of phone calls and visits. Defendant did the same to other individuals who are not parties in this suit. Plaintiff alleges that defendants are co-conspirators in the wrongful acts, and aided and abetted their followers to sabotage his aircraft and call him 24 hours a day.

As to Count One, plaintiff alleges that he holds a valid copyright to a photograph of himself, which was originally published on January 1, 2004, and registered with the U.S. Copyright Office on June 7, 2014. Plaintiff alleges that the theft of his work occurred prior to registration but is continuing through republication, and parties were on notice when the copyright was noted on plaintiff's website as of the June 7, 2014 date. Plaintiff states that he used his own camera and film, and did not give up ownership. Plaintiff alleges that each defendant has admitted they infringed plaintiff's work and placed the work onto merchandise in the form of t-shirts for monetary gain. Plaintiff alleges that defendants continue to display the work while charging and receiving payment by subscribers, and increase the income to Extreme Seal Experience LLC, Don Shipley and Carol

5

Diane Blazer Shipley. None of the general allegations are incorporated into Count One.

In Count Two, plaintiff incorporates all the previous general allegations in paragraphs 1 through 44[3], to state that defendants knew that plaintiff was and is peculiarly susceptible to emotional distress, and that defendants' conduct was outrageous. Plaintiff alleges that defendants personally and through others sabotaged his aircraft causing property damage and a resulting risk of physical harm or death. Plaintiff alleges that defendants also defamed him by contacting his neighborhoods to say they were coming for plaintiff; by posting wanted posters in the neighborhood; by contacting bar associations, and his former law school urging them revoke his law degree; and by contacting local veterans urging that he be expelled from the Legion and Veterans of Foreign War Posts by making false but unidentified comments to them. Plaintiff alleges that defendants also defamed him by stating to third parties that plaintiff was having sex with another in the courthouse men's room, that he is mentally ill, that plaintiff

---

[3] The Second Amended Complaint is numbered paragraphs 1 through 44, but the First Count restarts at numbered paragraph 31 through paragraph 59 without incorporating the first 44 paragraphs. The Second Count incorporates 1 through 44, and continues with paragraph 60 and runs through paragraph 93. The Wherefore clause is numbered 60 through 63.

beat his wife, that plaintiff is a child molester, and that plaintiff stole money from the federal government.

Plaintiff alleges that defendants repeated statements to law enforcement that plaintiff was stalking them resulting in a restraining order, and his arrest for violation of the restraining order. Plaintiff also alleges that defendants contacted the Scotland Yard and caused an investigation that resulted in the questioning of plaintiff's ex-wife who lives in the United Kingdom.

Plaintiff alleges that defendants invaded his privacy by going through his trash and posting to their subscribers on when and where to collect his trash. Plaintiff alleges that defendants have stated that they will kill plaintiff or torment him to suicide. Plaintiff goes on to allege that defendants "personally and by and through agents" entered onto his curtilage to: bang on the door at 4:00 a.m., disburse screws and nails on his driveway and patio, glue plaintiff's locks on his hanger, and set fire to his mailbox. Plaintiff alleges that defendants stated to him that they performed sexual acts with a photograph of his minor daughter. Plaintiff further alleges that defendants created a false image of plaintiff's face onto a depiction of an individual torturing a child, and then defendants distributed the image.

Plaintiff alleges physical and emotional distress, and that the fear of what defendants may do has led plaintiff to employ a private investigator to guard his home.

**IV.**

Defendants generally seek dismissal for failure to state a claim under Fed. R. Civ. P. 8 and 10 because the Second Amended Complaint continues to contain irrelevant allegations throughout, fails to identify which defendant committed what specific act, remains a shotgun pleading, and includes a request of relief that asserts that punitive damages are not sought, but will be sought by seeking to amend. Defendants also seek dismissal under Rule 19 arguing that the Second Amended Complaint references Extreme Seal Experience, LLC without naming the entity as a party or executing service on same, and for failure to joining Extreme Seal Experience, LLC as an indispensable party in this case.

As a preliminary matter, the argument that Extreme Seal Experience, LLC would suffer prejudice is rejected. The argument is dependent on the Court finding that a claim has been presented against Extreme Seal Experience, LLC for millions in damages even though the entity is not named and was not served in this case. The Court finds insufficient allegations by plaintiff to support a claim for relief against Extreme Seal Experience, LLC[4], and therefore no risk of adjudication as to Extreme Seal Experience,

---

[4] Plaintiff identifies Extreme Seal Experience, and adds a few facts of Extreme Seal Experience LLC sending plaintiff messages but through its owners, the Shipleys. (Doc. #65, ¶¶ 3, 13-14, 21, 27, 29-31.) These allegations are insufficient to allege a claim against the entity itself.

LLC's liability. The motion will be denied. To the extent that plaintiff believes that Extreme Seal Experience, LLC is a party to this case, the motion is alternatively granted and Extreme Seal Experience, LLC is dismissed with prejudice as to any applicable allegations in the Second Amended Complaint.

Despite irrelevant tangents about non-parties, references to a conspiracy or the aiding and abetting of a conspiracy, and a discussion of a Peace Order issued out of Maryland, plaintiff did comply with the core instructions of the Court's Opinion and Order by eliminating factual allegations imbedded in footnotes, and correcting the incorporation of all paragraphs into each count for relief. Further, although plaintiff refers to both defendants collectively as having committed all acts, sufficient notice of the claims against the husband and wife exists at this stage of the proceedings. The motion will be denied under Rules 8 and 10.

Paragraph 63 will be stricken in its entirety. Plaintiff states that he "does not plead for punitive damages but shall make a motion to amend the complaint. . . ." The Court was clear that no further amendments would be entertained, and therefore plaintiff is foreclosed from seeking punitive damages to the extent he would be entitled.

**V.**

Specific to Count One, defendants argue that summary judgment was granted against plaintiff in another case as to the same

9

photograph because plaintiff admitted that he was not the author of the photograph, and therefore plaintiff fails to state a claim. Further, defendants argue both collateral estoppel and res judicata. Defendants argue that the Court should otherwise decline to exercise supplemental jurisdiction over the state claim of intentional infliction of emotional distress.

Defendants rely on the ruling in Bernath v. Seavey, 2:15-cv-358-FTM-38CM, which noted that certain requests for admissions were deemed admitted due to plaintiff's failure "to timely and sufficiently serve objections or responses", including an admission that established that plaintiff is not the author of the photograph as claimed. (2:15-cv-358-FTM-38CM, Doc. #227, p. 7.) Plaintiff also failed to provide a copyright registration number or any evidence of a valid copyright. (Id.) Unfortunately, the decision is outside of the four corners of the Second Amended Complaint and therefore cannot be considered at this time. However, upon motion for summary judgment, defendants may raise the ruling and if plaintiff cannot in fact establish a valid copyright or his claim is frivolous, he may be subject to dismissal and possibly sanctions at that time. The motion to dismiss is denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss the Second Amended Complaint (Doc. #66) is **DENIED** however paragraph 63 regarding punitive damages is **stricken**. Defendants shall file an answer within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of September, 2017.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record